**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN WALKER JONES, | No. 19-55115 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-08021-AG-SHK |
| v. | |
| LAC WARDEN, (CDCR); et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted July 14, 2020**

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

California state prisoner Kevin Walker Jones appeals pro se from the district

court's judgment dismissing his action alleging violations of the Americans with

Disabilities Act and his constitutional rights.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review for an abuse of discretion the district court's dismissal for

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

failure to prosecute. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion by dismissing Jones's action because Jones failed to file an amended complaint identifying the defendants by name after being warned that failure to do so would result in dismissal and being provided an opportunity to conduct discovery. *See id.* (discussing factors to be considered before dismissing an action for failure to prosecute); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (explaining that when the identities of alleged defendants are not known before the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants).

To the extent Jones challenges the district court's screening order, we do not consider challenges to interlocutory orders following a dismissal for failure to prosecute. *See Al-Torki*, 78 F.3d at 1386 ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is the result of negligence or mistake." (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

19-55115

We do not consider documents not presented to the district court. *See*

*United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**